Tony L. Richardson (SBN 126230)
Email: trichardson@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James M. Andriola (NYSBN 2747004)
Sloan J. Zarkin (NYSBN 4215331)
REED SMITH LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: +1 212 521 5400
Facsimile: +1 212 521 5450
Email: jandriola@reedsmith.com
Email: szarkin@reedsmith.com

Attorneys for Non-Party
KBC BANK N.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. PHILLIPS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KXD TECHNOLOGY, INC; ASTAR ELECTRONICS, INC.; SHENZHEN KAIXINDA ELECTRONICS CO., LTD; SHENZHEN KXD MULTIMEDIA CO., LTD.; KXD DIGITAL ENTERTAINMENT LTD., AND JINGYI LUO,<br><br>　　　　　Defendants. | Case No. CV-08953-ER-PLAx<br><br>**DECLARATION OF WILFRIED KUPERS IN SUPPORT OF MOTION TO MODIFY ASSET FREEZE ORDER**<br><br>Hearing Date: April 7, 2008<br>Time: 10:00 a.m.<br>Place: Ctrm. 1 |

I, Wilfried Kupers, declare:

1. I am the Group General Counsel with KBC Bank N.V. The facts set forth in this Declaration are based upon my personal knowledge or upon my review of KBC Bank N.V.'s business records, such records having been created and kept in the course of KBC Bank N.V.'s regularly conducted business activity.

2. KXD Digital Entertainment Ltd. (the "Borrower") and KBC Bank N.V., Singapore Branch ("KBC Singapore") are parties to a Loan Agreement in Relation to a Trade Receivables Facility of up to US $12,000,000 dated October 23, 2006 (the "Loan Agreement"). Annexed hereto at Exhibit _ is a true and correct copy of the Loan Agreement.

3. As a requirement to the Loan Agreement, the Borrower maintains a deposit account with KBC Singapore (the "Borrower's Account").

4. Shenzhen KXD Multimedia Co. Ltd. ("Shenzhen KXD") is a guarantor of all amounts due and owing to KBC Singapore by the Borrower under the Loan Agreement. As security for the Loan Agreement and its guaranty of same, Shenzhen KXD has provided KBC Singapore with a Deed of Assignments of Receivables dated October 23, 2006 (the "Assignments Deed"). Annexed hereto at Exhibit _ is a true and correct copy of the Assignments Deed. This instrument assigns to KBC Singapore all monies and receivables due to Shenzhen KXD for the sale of its products.

5. Pursuant to section 13.2 of the Loan Agreement, KBC Singapore, as "Bank" was provided a right of set off. Specifically, the Loan Agreement provides:

> 13.2 Set Off: The Bank may without notice to the Borrower combine, consolidate or merge all or any of the Borrower's accounts with, and liabilities to, the Bank and may set off or transfer any sum standing to the credit of any such accounts (which shall also include accounts with the Bank's affiliates and subsidiaries at any branch or office) in or towards satisfaction of any of the Borrower's liabilities to the Bank under this Agreement, and may do so notwithstanding that the balances on such accounts and the liabilities may not be expressed in the same currency and the Bank is hereby authorised to effect any necessary conversions at the Bank's own rate of exchange then prevailing.

6. Pursuant to the Loan Agreement, KBC Singapore has from time to time extended credit to the Borrower. As of August 1, 2007, the Borrower had become indebted to KBC Singapore, under the Loan Agreement, in the approximate amount of $2.86 million.

1  7. In early August 2007, KBC Singapore and one or more of the offices and branches of KBC Bank N.V. located in the United States ("KBC US") received a copy of the Amended Order Granting Plaintiff's <u>Ex Parte</u> Application for Prejudgment Bond and Asset Freeze entered in the above-captioned litigation on August 3, 2007. In September 2007, KBC Singapore and KBC US learned that this Court had issued an Order Granting Plaintiff Preliminary Injunction Pursuant to the Terms of the Amended Order re: Prejudgment Bond and Asset Freeze. These two orders will hereinafter be collectively referred to as the "California Asset Freeze Order."[1]

8. After receiving the California Asset Freeze Order in early August 2007, KBC Singapore sequestered funds from the Borrower's Account in the approximate amount of $1.6 million. In addition, since its receipt of the California Asset Freeze Order, KBC US has frozen $1,004,474.40 in funds intended for the Borrower and/or Shenzhen KXD.

9. Shortly after receipt of the California Asset Freeze Order, KBC Singapore and KBC US received subpoenas issued by plaintiff's counsel seeking the production of bank records concerning accounts maintained by the defendants with KBC Bank N.V. (the "Subpoenas").

10. By a letter from our counsel dated September 14, 2007, KBC US and KBC Singapore, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, set forth their objections and responses to the Subpoenas. Annexed hereto at Exhibit _ is a true and correct copy of the September 14th letter. With that letter, KBC US produced 133 pages of documents in response to the Subpoenas. By a letter from our counsel dated October 18, 2007, KBC Singapore produced 141 pages of documents in response to the Subpoenas. Annexed hereto at Exhibit _ is a true and correct copy of the October 18th letter. Plaintiff's counsel has never raised any objections with respect

---

[1] During this same time frame, KBC Singapore and KBC US received a copy of a similar asset freeze order issued by the U.S. District Court for the District of Nevada in an apparently related matter entitled *Koninklijke Philips Electronics N.V. v. KXD Technology, Inc., et al.*, 2:05-cv-01532-RLH-GWF (the "Nevada Asset Freeze Order").

– 3 –
DECLARATION OF WILFRIED KUPERS IN SUPPORT OF MOTION TO MODIFY ASSET FREEZE ORDER

to the document productions of KBC US and KBC Singapore, nor has plaintiff's counsel requested any additional documents.

11. The October 18th letter stated that: "[p]ursuant to its contractual and common law right of set off, KBC Singapore is entitled to apply the approximate $1.6 million in funds that were present in the Borrower's Account as of August 1, 2007, as well as the $556,100.23 in funds currently held by KBC US[2], to reduce the Borrower's indebtedness under the Loan Agreement." *See* Exhibit _, hereto. The October 18th letter also pointed out to plaintiff's counsel that "KBC Singapore's right of set off and thus its entitlement to the foregoing proceeds has priority over any judgment (or other right to payment) your client may obtain in the above-referenced litigations." *Id.* Finally, the October 18th letter sought plaintiff's consent to modify the California Asset Freeze Order and the Nevada Asset Freeze Order to recognize KBC Singapore's right to set off the funds at issue. *Id.*

12. To my knowledge, neither plaintiff, nor its counsel, has ever provided a substantive written response to our counsel's October 18th letter. Not having received any substantive response to the October 18th letter, our counsel sent a follow-up letter on December 14, 2007. Annexed hereto at Exhibit _ is a true and correct copy of the December 14th letter.

13. By a letter dated February 12, 2008, our counsel requested a meet and confer with plaintiff's counsel. Annexed hereto at Exhibit _ is a true and correct copy of the February 12th letter. I have been advised by our counsel that the meet and confer was held on February 20, 2008 and that plaintiff has still not provided us with a substantive response to the position that our counsel articulated in his October 18th letter. Annexed hereto is an email from plaintiff's counsel sent on March 11, 2008 that states: "[b]ecause of the complex issues involved here, it has taken us a little longer than anticipated to come to a resolution on our position on this matter. We'll

---

[2] The current figure of funds held by KBC US is $1,004,474.40.

– 4 –

DECLARATION OF WILFRIED KUPERS IN SUPPORT OF MOTION TO MODIFY ASSET FREEZE ORDER

get back to you as soon as we can.  Thank you for understanding." Annexed hereto at Exhibit _ is a true and correct copy of the March 11th email.  This open-ended, non-committal response to our position, which was articulated to plaintiff in October 2007, is not acceptable to KBC Bank N.V.

14. Thus, despite our counsel's diligent efforts, we were not able to resolve the situation with Plaintiff, which made it necessary for us to file the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _ day of March, 2008, at Brussels, Belgium.

_____
Wilfried Kupers

DOCSLA-15631713.1